UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M JOHNSON,

        Plaintiff,

   v.

AMBER MILLER, *et al.*,

        Defendants.

CASE NO. 3:21-cv-05539-BHS

ORDER ON MOTION TO RECUSE

This matter is before the Court on plaintiff's motion to recuse (Dkt. 7) and on referral from the District Court.

Recusal is appropriate where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). Recusal is "justified either by actual bias or the appearance of bias." *Yagman*, 987 F.2d at 626. "In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish

1 | bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost

2 | never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S.

3 | 540, 555 (1994). Under the Local Rules of this District,

> Whenever a motion to recuse directed at a judge of this court is filed pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, the challenged judge will review the motion papers and decide whether to recuse voluntarily. If the challenged judge decides not to voluntarily recuse, he or she will direct the clerk to refer the motion to the chief judge, or the chief judge's designee. If the motion is directed at the chief judge, or if the chief judge or the chief judge's designee is unavailable, the clerk shall refer it to the active judge with the highest seniority.

LCR 3(f).

In her motion to recuse, plaintiff appears to suggest that this Court and District Judge Benjamin H. Settle are disqualified from this matter because they have knowledge of a previous case. *See* Dkt. 7, at 1. Specifically, she states that the "[p]rior cases would create a mistrial for knowledge of prior cases administer for proceedings." *Id.* Plaintiff lists Case No. 3:19-cv-05316-BHS as the disqualifying case. *Id.* However, plaintiff has not presented any specific allegations of "personal bias, prejudice, or interest" that would require either judge to recuse. *Davis*, 650 F.2d at 1163.

## CONCLUSION AND INSTRUCTIONS TO THE CLERK

The Court will not voluntarily recuse itself from this case based on its involvement with plaintiff's prior cases. Therefore, this motion is **REFERRED** to Chief Judge Martinez for review. The Court will thereafter address plaintiff's motion to proceed *in forma pauperis*. Dkt. 1.

Dated this 16th day of August, 2021.

_____
J. Richard Creatura
Chief United States Magistrate Judge