UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M. JOHNSON,<br><br>              Plaintiff,<br><br>   v.<br><br>AMBER MILLER, et al.<br><br>             Defendants. | CASE NO. C21-5539BHS<br><br>ORDER ON PLAINTIFF'S MOTION TO RECUSE |

THIS MATTER is before the Court on Plaintiff Brenda Johnson's Motion to Recuse. Dkt. 7. The case is referred to Magistrate Judge Creatura, and Johnson's motions for Leave to Proceed *in forma pauperis*, Dkt. 1, for an emergency preliminary injunction, Dkt. 3, and for Contempt Sanctions, Dkt. 6, will be addressed after the resolution of the pending motion to recuse.

The motion is unclear. It seems to suggest that both Magistrate Judge Creatura and the undersigned are disqualified from hearing the case because they have "knowledge"

based on presiding over one of Johnson's (many)[1] prior lawsuits in this District. *See* Dkt. 7 at 1; *see also Johnson v. Nativity House, et al.*, Cause No. 19-cv-05316-BHS.

A federal judge should recuse himself if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." 28 U.S.C. § 144; *see also* 28 U.S.C. § 455; *Yagman v. Republic Insurance*, 987 F.2d 622, 626 (9th Cir. 1993). This objective inquiry is concerned with whether there is the appearance of bias, not whether there is bias in fact. *See Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1992); *see also United States v. Conforte*, 624 F.2d 869, 881 (9th Cir. 1980). In the absence of specific allegations of personal bias, prejudice, or interest, neither prior adverse rulings of a judge nor his participation in a related or prior proceeding is sufficient" to establish bias. *Davis v. Fendler*, 650 F.2d 1154, 1163 (9th Cir. 1981). Judicial rulings alone "almost never" constitute a valid basis for a bias or partiality motion. *Liteky v. United States*, 510 U.S. 540, 555 (1994).

Under the Local Rules of this District, a motion for recusal is addressed first to the presiding judge, and if the judge does not recuse voluntarily, the matter is referred to the chief judge for review. *See* W.D. Wash. LCR 3(e).

Other than her claim that this Court's prior hearing (and dismissal) of one of her prior lawsuits would "create a mistrial for knowledge of prior cases administer for proceedings," Dkt. 7 at 1, Johnson has not articulated any specific allegations of bias,

---

[1] Brenda M. Johnson has appeared as a plaintiff in 19 cases in this District. Johnson herself filed a "list of cases" which appears to include 18 such cases, not counting this one. Dkt. 4.

ORDER - 2

1 | prejudice, or interest. Nor has she has described any facts from which a reasonable
2 | observer would conclude that the Court's impartiality might reasonably be questioned.
3 |     The Court will not recuse itself from this case voluntarily based on the claim that
4 | the Court's prior involvement with one of Johnson's prior cases is evidence of bias or a
5 | lack of impartiality. Under LCR 3(e), this Matter is **REFERRED** to Chief Judge
6 | Martinez for review.
7 |     The remaining motions will await his decision.
8 | **IT IS SO ORDERED.**
9 | Dated this 16th day of August, 2021.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3