1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BRENDA M JOHNSON,

                    Plaintiff,

        v.

AMBER MILLER, *et al.*,

                    Defendants.

CASE NO. 3:21-cv-05539-BHS

ORDER TO SHOW CAUSE OR
AMEND THE COMPLAINT

        This matter is before the Court on plaintiff's motion to proceed *in forma pauperis* ("IFP") and proposed complaint (Dkt. 1) and on referral from the District Court.

        Plaintiff's proposed complaint is subject to screening by the Court under 28 U.S.C. § 1915(e)(2), which requires dismissal of a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's proposed complaint fails to state a claim upon which relief can be granted. However, the Court will grant plaintiff an opportunity to amend her proposed complaint to correct the deficiencies set forth herein.

1    If plaintiff chooses to amend her proposed complaint, she must file her amended

2    proposed complaint on or before **September 30, 2021**. Failure to do so or to comply with this

3    Order will result in the undersigned recommending dismissal of this matter without prejudice,

4    meaning that plaintiff will be able to bring her claims at a later date.

5    Finally, because it does not appear that plaintiff has presented this Court with a viable

6    claim for relief, the Court declines to rule on her *in forma pauperis* motion at this time. Instead,

7    the Clerk shall renote the *in forma pauperis* motion for the Court's consideration on September

8    30, 2021.

9    **DISCUSSION**

10    Under Rule 8(a) of the Federal Rules of Civil Procedure,

11    [a] pleading that states a claim for relief must contain: (1) a short and plain
12    statement of the grounds for the court's jurisdiction, unless the court already has
     jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain
13    statement of the claim showing that the pleader is entitled to relief; and (3) a
     demand for the relief sought, which may include relief in the alternative or different
14    types of relief.

15    To state a claim upon which relief may be granted, a complaint must contain "a short and

16    plain statement of the claim showing that the pleader is entitled to relief," "in order to 'give the

17    defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" Fed. R.

18    Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*,

19    355 U.S. 41, 47 (1957)). Although "detailed factual allegations" are not necessary, "[f]actual

20    allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* "[A]

21    complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

22    plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S.

23    at 555). A court must accept as true all factual allegations—but not legal conclusions—when

24

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 2

1   reviewing whether a complaint survives a motion to dismiss under Rule 12(b)(6). *See Iqbal*, 556

2   U.S. at 678.

3        When a plaintiff is proceeding *pro se*, this Court must "'construe the pleadings liberally

4   and . . . afford the [plaintiff] the benefit of any doubt.'" *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th

5   Cir. 2010) (internal citation omitted). The claims will be dismissed only where it "'appears

6   beyond doubt that the plaintiff can prove no set of facts in support of his claim which would

7   entitle him to relief.'" *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (internal citation

8   omitted).

9        Here, plaintiff's complaint does not set forth a plain statement of the basis for the Court's

10   jurisdiction. Plaintiff merely states that the Court has federal question jurisdiction, but does not

11   list the specific federal statutes, federal treaties, or provisions of the United States Constitution

12   that are at issue in the case. *See* Dkt. 1-1, at 3.

13        Plaintiff's complaint also does not contain "sufficient factual matter, accepted as true, to

14   'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678. Portions of

15   plaintiff's complaint are illegible, and what can be discerned is vague, unclear, and conclusory.

16   *See* Dkt. 1-1, at 5. Plaintiff does not clearly state the factual allegations supporting her claims

17   and it is unclear what claims she is attempting to bring in this lawsuit.

18                   **INSTRUCTIONS TO PLAINTIFF AND THE CLERK**

19        Due to the deficiencies described above, unless plaintiff shows cause or amends the

20   proposed complaint, the Court will recommend dismissal of the proposed complaint without

21   prejudice. If plaintiff chooses to amend her proposed complaint, she must file her amended

22   proposed complaint on or before **September 30, 2021**. Failure to do so or to comply with this

23   Order will result in the undersigned recommending dismissal of this matter without prejudice.

24

The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for the original complaint, and not as a supplement.

An amended complaint supersedes all previous complaints. *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997) *overruled in part on other grounds*, *Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Therefore, the amended complaint must be complete in itself, and all facts and causes of action alleged in the original complaint that are not alleged in the amended complaint are waived. *Forsyth*, 114 F.3d at 1474.

The Clerk is directed to send plaintiff the appropriate forms so that she may file an amended complaint. The Clerk is further directed to send copies of this Order to plaintiff.

If plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before **September 30, 2021**, the undersigned will recommend dismissal of this action pursuant to 28 U.S.C. § 1915.

Dated this 30th day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO SHOW CAUSE OR AMEND THE
COMPLAINT - 4