UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRENDA M JOHNSON,<br><br>           Plaintiff,<br><br>   v.<br><br>AMBER MILLER, *et al.*,<br><br>           Defendants. | CASE NO. 3:21-cv-05539-BHS<br><br>REPORT AND RECOMMENDATION<br><br>NOTED FOR: October 15, 2021 |

This matter is before the Court on referral of plaintiff's motion to proceed *in forma pauperis* ("IFP") and her proposed amended complaint. *See* Dkts. 1, 14; *see also* Amended General Order 02-19. Plaintiff proceeds *pro se*.

Plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. The Court previously offered plaintiff an opportunity to amend her complaint, and the amendment proved to be futile. Therefore, the Court declines to offer plaintiff another opportunity to amend. The Court recommends that the IFP motion be denied, that this matter be dismissed without prejudice, and that the case be closed.

## BACKGROUND

Plaintiff initiated this matter in July 2021 and seeks to proceed IFP. *See* Dkt. 1. On August 30, 2021, after reviewing plaintiff's proposed complaint, the Court ordered plaintiff to show cause or amend the complaint due to illegibility and for failing to state a claim upon which relief could be granted. *See* Dkt. 12. The Court declined to rule on plaintiff's IFP motion until she filed an amended proposed complaint that corrected the deficiencies. *Id.* at 3. On August 31, 2021, plaintiff filed a proposed amended complaint. *See* Dkt. 14.

Plaintiff's proposed amended complaint contains the same illegible portions and remains unclear as to what claims plaintiff is bringing or what relief she is seeking. However, plaintiff's proposed amended complaint now names seven defendants and asserts that the Court has federal question jurisdiction over her claims, which appear to be based on a landlord-tenant dispute.

## DISCUSSION

In proceedings where a plaintiff proceeds (or seeks to proceed) IFP, 28 U.S.C. § 1915(e)(2)(B) authorizes the Court to dismiss the case "at any time" if the case is "frivolous or malicious" or the complaint "fails to state a claim upon which relief may be granted[.]"

Here, plaintiff listed § 1983 as a basis for the Court's jurisdiction and lists violations of her First, Fourth, and Fifth Amendment rights. *See* Dkt. 14 at 7. However, to state a claim under 42 U.S.C. § 1983, plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988). A person subjects another to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or failing to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Sweeping conclusory allegations against an official are insufficient to state a claim for relief. *Leer*, 844

F.2d at 633. Further, a § 1983 suit cannot be based on vicarious liability alone but must allege the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989). This was explained to her in the Court's previous order. *See* Dkt. 12.

In her proposed amended complaint, plaintiff fails to allege how any of the defendants acted under color of law or how they personally participated in the alleged deprivation of her constitutional rights. Although plaintiff named seven defendants, she only states facts regarding the personal involvement of one. Plaintiff states, "Amber Miller caught entering my apartment without permission." Dkt. 14 at 5. However, this bare allegation is insufficient to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiff simply does not allege enough facts to be able to state a § 1983 claim.

Furthermore, the relief section of plaintiff's proposed amended complaint cuts off and is difficult to discern. It appears that plaintiff is asking the Court for a "judgment of possession" and to "direct[] law enforcement personnel to begin transfer of property." Dkt. 14 at 5. However, plaintiff has failed to state a claim upon which the court can grant such a relief.

Finally, portions of plaintiff's proposed amended complaint remain illegible due to text overlap and cut off. *See* Dkt. 14 at 5. The Court previously instructed plaintiff to amend her proposed complaint to fix these issues and she failed to do so. *See* Dkt. 12 at 3–4.

For these reasons, plaintiff's proposed amended complaint fails to state a claim upon which relief can be granted. The Court previously provided plaintiff an opportunity to amend and now finds that offering another opportunity to amend would be futile. Therefore, the Court recommends that plaintiff's motion to proceed IFP should be denied and that the matter be dismissed without prejudice.

# CONCLUSION

The undersigned recommends that the District Court deny the motion to proceed IFP and dismiss this matter without prejudice.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted).

Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 15, 2021**, as noted in the caption. The Clerk is also directed to send a copy of this Report and Recommendation to plaintiff.

Dated this 22nd day of September, 2021.

J. Richard Creatura
Chief United States Magistrate Judge